WESTERN CASUALTY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34551. Promulgated September 10, 1930.

*Gail L. Ireland, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

Love: The only question involved in this proceeding is whether the net income of petitioner as determined by the respondent should be reduced by the amount of $8,538.30, which amount the Commissioner of Insurance for the State of Colorado required petitioner to set up, as of December 31, 1926, as a reserve to meet the premium for the year following the end of each five-year period on policies containing the quoted provision set out in our findings. Petitioner is a health and accident insurance company. Its Federal income-tax liability for the year 1926 must, therefore, be determined under the provisions of sections 246 and 247 of the Revenue Act of 1926. Both parties are agreed that these are the applicable sections of the statute. Section 246 (a) merely imposes the rate of tax on net income. Section 246 (b) (1) defines " gross income " as "the combined gross amount earned during the taxable year, from investment income and from underwriting income." Section 246 (b) (2) defines " net income " as " gross income " less the " deductions " allowed by section 247. The next paragraph (3) defines "investment income." Sections 246 (b) (4) and (5) provide as follows:

(4) The term " underwriting income " means the premiums earned on insurance contracts during the taxable year less losses incurred and expenses incurred;

(5) The term " premiums earned on insurance contracts during the taxable year " means an amount computed as follows:

From the amount of gross premiums written on insurance contracts during the taxable year, deduct return premiums and premiums paid for reinsurance. To the result so obtained add unearned premiums on outstanding business at the end of the preceding taxable year and deduct unearned premiums on outstanding business at the end of the taxable year.

Section 246 (b) (6) defines " losses incurred," and section 246 (b) (7) provides that:

The term "expenses incurred" means all expenses shown on the annual statement approved by the National Convention of Insurance Commissioners, and shall be computed as follows:

To all expenses paid during the taxable year add expenses unpaid at the end of the taxable year and deduct expenses unpaid at the end of the preceding taxable year. For the purpose of computing the net income subject to the tax imposed by this section there shall be deducted from expenses incurred as defined in this paragraph all expenses incurred which are *not* allowed as deductions by section 247. (Italics supplied.)

Section 247 [1] specifies the deductions to be allowed in computing the *net* income of an insurance company subject to the tax imposed by section 246, none of which would include the item here in question. The issue is thus narrowed to whether the item here in dispute is to be " deducted " in arriving at the *net* income as defined in section 246.

Petitioner contends that the item of $8,538.30 should be deducted from "underwriting income" as representing "expenses incurred" as the latter term is defined in section 246 (b) (7), *supra*, in that it was shown as an expense on the annual statement approved by the National Convention of Insurance Commissioners. This statement was not introduced in evidence, but regardless of that objection, we believe that the last sentence of section 246 (b) (7), *supra*, would preclude its deduction from " underwriting income " as " expenses incurred," since the item in question is not allowed as a deduction by section 247. The petitioner's contention in this respect must be denied.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

[1] SEC. 247. (a) In computing the net income of an insurance company subject to the tax imposed by section 246 there shall be allowed as deductions:

(1) All ordinary and necessary expenses incurred, as provided in paragraph (1) of subdivision (a) of section 234;

(2) All interest as provided in paragraph (2) of subdivision (a) of section 234;

(3) Taxes as provided in paragraph (3) of subdivision (a) of section 234;

(4) Losses incurred;

(5) Bad debts in the nature of agency balances and bills receivable ascertained to be worthless and charged off within the taxable year;

(6) The amount received as dividends from corporations as provided in paragraph (6) of subdivision (a) of section 234;

(7) The amount of interest earned during the taxable year which under paragraph (4) of subdivision (b) of section 213 is exempt from taxation under this title, and the amount of interest allowed as a credit under section 236;

(8) A reasonable allowance for the exhaustion, wear and tear of property, as provided in paragraph (7) of subdivision (a) of section 234;

(9) In the case of such a domestic insurance company, the net income of which (computed without the benefit of this paragraph) is $25,000 or less, the sum of $2,000; but if the net income is more than $25,000, the tax imposed by section 246 shall not exceed the tax which would be payable if the $2,000 credit were allowed, plus the amount of the net income in excess of $25,000.

(b) In the case of a foreign corporation the deductions allowed in this section shall be allowed to the extent provided in subdivision (b) of section 234.

(c) Nothing in this section or in section 246 shall be construed to permit the same item to be twice deducted.